UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 10-155-JBC

NATALIE CLARK,                                                PLAINTIFF,

V.              **MEMORANDUM OPINION AND ORDER**

NICK ROCCANOVA, ET AL.,                             DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motions of the defendants, Nick Roccanova, Michael Rudy and Jack Lynch, to dismiss this action (R. 11, 12, and 13), and on Rudy's motion to strike (R. 13). For the following reasons, Roccanova and Rudy's motions to dismiss will be denied; Lynch's motion to dismiss will be denied in part and granted in part; and Rudy's motion to strike will be denied.

I.      Background[1]

The instant lawsuit arises out of a civil claim under Chapter 110 of Title 18 of the United States Code regarding the sexual exploitation of a minor child. In 2006, Roccanova, Rudy and Lynch coerced, enticed and persuaded Clark to produce a sexually explicit video, in violation of 18 U.S.C. § 2251. That same year, all three defendants transmitted the video in interstate commerce on the internet, in violation of 18 U.S.C. § 2252. All parties were 14 years old at the time

---

[1] The court will take the plaintiff's factual allegations as true for purposes of this motion to dismiss. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

1

of these actions. Prior to filing an answer to Clark's complaint, all three defendants have filed motions to dismiss and Rudy has filed a motion to strike.

## II. Legal Analysis

### A. Application of the Law to Children

The defendants are covered by the law, even if they are not adults. Nothing in the plain language of the statutes or their legislative history indicates that Congress intended 18 U.S.C. § 2251 and § 2252 to apply only to the conduct of adults. Both statutes prohibit creation, possession and transmission of child pornography by any "person." While "person" is not defined in 18 U.S.C. §2256, the statute's definition of "identifiable minor" begins by stating that a minor is a "person." 18 U.S.C. § 2256(9)(A). This indicates that "person" is meant to refer to an individual of any age, not just an adult. Neither statute at issue contains language which would narrow the definition of "person" to mean only adults.

Additionally, there is nothing in the legislative history which would indicate Congress intended "person" to mean an adult. 18 U.S.C. § 2251 and § 2252 were first enacted as part of the Protection of Children Against Sexual Exploitation Act of 1997, Pub. L. No. 95-225, 92 Stat. 7 (1978). In all legislative records regarding the statutes at issue, Congress refers only to "persons" and does not narrow the term to adults.

Rather, the legislative history of the Act states that the "Committee on Human Resources has a deep and abiding concern for the health and welfare of the

*children* and the *youth of America*," and therefore "condemns such base and sordid activities which may permanently traumatize and warp the minds of the *children* involved." S. Rep. No. 95-438, at 3-4 (1977) (emphasis added). Encounters which produce child pornography "cannot help but have a deep psychological, humiliating impact on these youngsters and jeopardize the possibility of healthy, affectionate relationships in the future." *Id*. at 6.  Nothing in the record indicates that a child would be less traumatized if that pornography is created or transmitted by a child rather than an adult. Lynch argues that the phrase "use of a minor" in the definition of "child pornography" demonstrates that Congress intended to target adults. R. 11 at 6 (quoting 18 U.S.C. §2256).  However, nothing in the phrase, the rest of the definition or the congressional record indicates that only an adult can "use" a minor.

 Child pornography has no First Amendment protection because of its negative impact on the child involved, *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002), even if it depicts a work of value. *New York v. Ferber*, 458 U.S. 747 (1982).  Child pornography is limited to depictions of actual children, because protection of children is the purpose of the legislation. *Ashcroft*, 535 U.S. at 250. Nothing in the jurisprudence indicates that such harm could be done only by adult perpetrators..

 It is not surprising that no federal precedent exists for a suit against a minor under these statutes, given the relatively recent rapid emergence of "sexting" by

minors. However, prosecutors have begun to charge minors under child pornography statutes. *See* Sarah Wastler, *The Harm in "Sexting"?: Analyzing the Constitutionality of Child Pornography Statutes that Prohibit the Voluntary Production, Possession, and Dissemination of Sexually Explicit Images by Teenagers*, 33 Harv. J.L. & Gender 687 (2010).

Thus, based on the plain language of the statues, legislative history and case law, Clark has a claim under the statutes, and the court will deny the defendants' motion to dismiss on this basis.

### B. Deficiency in the Pleadings

The court finds unpersuasive the defendants' argument that Clark's complaint is deficient under Rule 8(a)(2), which requires only that a pleading contain "a short and plain statement of the claims showing that the pleader is entitled to relief." The court is required to "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *In re Travel Agent Com'n Antitrust Litigation*, 583 F.3d 896 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir.2008)). The pleading standard under Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Howard v. City of Girard, Ohio*, 346 Fed.Appx.49, 50 (6th Cir. 2009). In order to survive a motion to dismiss, a plaintiff must assert "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 570 (2007). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

### 1. Complaint as a Whole

Clark's first cause of action, that the defendants solicited the production of sexually explicit visual depictions in violation of 18 U.S.C. §2251(a), alleges sufficient facts to state a plausible claim against Roccanova, Rudy and Lynch. In her complaint, Clark asserts many facts which support her allegation against Roccanova. She specifies several conversations with Roccanova, detailing his actions in convincing Clark to send him the video. R. 1 at ¶ 11-13. Regarding Lynch and Rudy's involvement in persuading Clark to create and send the video, Clark's complaint is less detailed but sufficient. Clark states, "Defendants Rudy and Lynch were also present and aided and abetted Defendant Roccanova's efforts to coerce, entice and persuade Plaintiff Clark to produce a sexually explicit video." R. 1 at ¶14. These facts are sufficient to make Clark's claim of relief plausible. Therefore, the court will deny the motions to dismiss for all defendants as to count one.

Clark's second and third causes of action, asserting that all three defendants possessed and caused to be distributed in interstate commerce the sexually explicit visual depictions in violation of 18 U.S.C. §2252(a), contain sufficient factual

5

assertions to state a plausible claim as to Roccanova and Rudy but not as to Lynch. With regard to Roccanova and Rudy, Clark's complaint contains numerous factual assertions with regard to their behavior in possession, manipulation and transmission of the video to other persons via the internet. R. 1 at ¶15-16. However, Clark gives no facts with regard to Lynch's involvement in the transmitting of this video. She asserts only that "Defendants acted in concert with each other" in possessing and transmitting the video. R. 1 at ¶33 and 41. This is no more than an unadorned accusation and is not sufficient to survive a motion for dismissal. Therefore, the court will deny the motion for dismissal as to Roccanova and Rudy but will grant the motion as to Lynch on counts two and three.

### 2. 18 U.S.C. §2251 and *In Pari Delicto*

Clark has asserted sufficient facts in her complaint to survive a motion to dismiss for failure to establish an element of 18 U.S.C. § 2251, notwithstanding the *in pari delicto* doctrine. In her complaint, Clark alleges that she received several telephone calls from Roccanova asking for the video in question and threatening to withhold his friendship if the video was not produced. R. 1 at ¶11-14. Roccanova asserts that this behavior was not enough to satisfy 18 U.S.C. §2251 to "employ[], use[], persuade[], induce[], entice[], or coerce[]." However, "induce" is defined as "[t]o lead (a person), by persuasion or some influence or motive that acts upon the will...." Oxford English Dictionary (2nd ed. 1989). Roccanova's actions, in concert with those of Rudy and Lynch, meet the definition of "induce."

6

Clark has stated a cause of action, as the defendants' alleged actions fall under 18 U.S.C. §2251.

The doctrine of *in pari delicto* does not apply, since Clark was induced into sending the video. 18 U.S.C. §2251 states that "any person who . . . induces . . . any minor to engage in . . . sexually explicit conduct … shall be punished as provided under subsection (e)."  This implies that the minor who is induced to engage in this conduct is not the person to be punished. Rather, Clark is the victim specifically protected, rather than the initial perpetrator. The doctrine of *in pari delicto* does not compel the court to grant the defendants' motion to dismiss.

### C. Joinder of Necessary Parties

Clark has fulfilled her obligation under Fed. R. Civ. Pro. 19 to join all necessary parties. Under Rule 19, a plaintiff must join all required parties if "(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing the action in the person's absence may . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. . . ." Lynch, Rudy and Roccanova claim that the other students who sent and received the video are required parties. However, nothing in Clark's complaint or the defendants' motions indicate that the absence of these parties would cause the harm anticipated by Rule 19.

Complete relief can be accorded among the existing parties. "Completeness

7

is determined on the basis of those persons who are already parties, and not as between a party and the absent person whose joinder is sought." *School Dist. of City of Pontiac v. Secretary of U.S. Dept. of Education*, 582 F.3d 253, 265 (6th Cir. 2009) (quoting *Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 705 (3d Cir. 1996)) (internal quotations omitted). This case involves the alleged actions of the defendants in creating, possessing and distributing sexually explicit material involving a minor. Simply because Clark could also have sued other individuals for damages, they are not necessary parties to the instant action. The actions of unnamed parties in further spreading the video do not prevent this court from according complete relief, nor do such actions leave the defendants open to inconsistent obligations.

Even if such parties were considered to be "necessary," their joinder may not be feasible. The court would then determine "whether, in equity and good conscience, the action should proceed among the existing parties. . . ." Fed. R. Civ. Pro. 19(b). Equity would not be served if Clark were required to identify all persons who transmitted or received the video via the internet. Such a requirement would make a civil suit under 18 U.S.C. 2252 nearly impossible, as child pornography can be distributed widely on the internet and it would be extremely difficult and financially prohibitive to require a plaintiff to identify all parties who participate in that distribution. Therefore, the court will deny the motion to dismiss for failure to join required parties.

### D. Motion to Strike

The court is not persuaded by Rudy's argument that the portion of Clark's complaint in R. 1 at ¶8 regarding Rudy's statement should be stricken. Rudy argues that the sentence at issue is injurious to him and immaterial to Clark's claims. R. 13. Fed. R. Civ. Pro. 12(f) states that a "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." However, motions to strike are viewed with disfavor and are infrequently granted. A " motion to strike should be granted only when the pleading to be [stricken] has no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. U.S.*, 201 F.2d 819, 822 (6th Cir. 1953). While the alleged statement occurred prior to the creation of the video, it is still material. It supports Clark's claim as it speaks to Rudy's motives for later alleged actions. Therefore, the court will deny Rudy's motion to strike.

## III. Conclusions

Accordingly,

**IT IS ORDERED** that Lynch's motion to dismiss (R. 11) is **DENIED** as to count 1 and **GRANTED** as to counts 2 and 3.

**IT IS FURTHER ORDERED** that Roccanova's motion to dismiss (R. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that Rudy's motion to dismiss and motion to strike (R. 13) are **DENIED**.

Signed on  February 14, 2011     
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY