**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CIVIL ACTION NO. 10-155-JBC**

**NATALIE CLARK,**                                                                 **PLAINTIFF,**

**V.**                         **MEMORANDUM OPINION & ORDER**


**NICK ROCCANOVA, ET AL.,**                                         **DEFENDANTS.**


\* \* \* \* \* \* \* \* \* \*

Before the court is a motion to intervene (R. 45) as a matter of right pursuant to Fed. R. Civ. P. 24(a) filed by State Farm Insurance Company.  State Farm seeks to intervene in this action for a declaration of its rights and obligations under a Homeowners Insurance Policy covering Defendant Rudy.  Defendant Rudy is the only party to respond in opposition to State Farm's motion, (*See* R.47), arguing that State Farm's motion fails to state a substantial legal interest and is untimely.  Intervention is warranted either as a matter of right or permissively under Fed. R. Civ. P. 24.  In the interest of judicial economy,  the court will grant State Farm's motion to intervene.

## I.   Intervention as of Right

The applicable four-part test for Rule 24(a) motions requires the moving party to establish (1) that the motion was timely filed, (2) that the party has a substantial legal interest in the subject matter of the case, (3) that an interest will be impaired without intervention, and (4) that the current parties are inadequately

1

represented.   *United States v. Michigan,* 424 F.3d 438, 443 (6th Cir. 2005); *Grutter v. Bollinger*, 188 F.3d 394, 398 (6th Cir. 1998).  Failure to meet one of the listed criteria requires that the motion to intervene be denied.  *Id.*  Defendant Rudy challenges State Farm's motion to intervene under the first two factors as both untimely and failing to establish a substantial legal interest in the subject matter of the case.

### A. Timeliness

Five factors determine whether a motion to intervene is timely: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of its interest in the case; (4) the prejudice to the original parties due to the intervenor's failure to apply promptly for intervention after it knew or reasonably should have known of its interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention. *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472-73 (6th Cir. 2000).

The first timeliness factor — the point to which the suit has progressed — is satisfied by the recent filing of an amended complaint in this case.  Although this case was filed in 2010, an amended complaint adding five new causes of action was filed in January 2012.  Further, State Farm claims that the parties have not engaged in any written discovery or depositions. All deadlines have been cancelled and need to be re-set.  Therefore, this factor does not weigh against State Farm's pending motion to intervene.

2

The second factor — the purpose for which intervention is sought — also weighs in favor of intervention.  On February 6, 2012, the court ruled in a related action (11-cv-104) that Cincinnati Insurance did not have a duty to defend Rudy's co-defendant, Nick Roccanova.  State Farm asserts that this decision "is dispositive as to its duties to defend and indemnify Rudy," (R. 48 at 6), and promptly moved to intervene on February 21, 2012, after this court's decision in that related case.

The third factor — the length of time preceding the application during which the proposed intervenor knew of its interest — does not weigh against timeliness of intervention.  State Farm sought to intervene rather quickly after the filing of both the amended complaint and the decision in the related Cincinnati Insurance coverage case.

The fourth factor — prejudice to the original parties — also does not weigh against the timeliness factor.  The recent ruling in the related case regarding Cincinnati Insurance Company's duty to defend has already caused a delay in this case and prompted the filing of an amended complaint by the plaintiff.  After the instant decision, a new scheduling order setting forth the jury trial date will be issued so that this case may proceed in a timely manner.

The fifth factor – unusual circumstances – also weighs in favor of intervention.  Judicial economy dictates that intervention as a matter of right be permitted in this case.  The court has ruled on a related duty-to-defend dispute.  The court is already familiar with all of the parties involved and the underlying facts.  Compelling State Farm to file a separate declaratory judgment action may

3

lead to duplicative time and effort on behalf of all the parties involved.  Further, overlapping questions of fact and liability issues are intertwined.  Thus, considering all five factors, the motion to intervene was timely.

### B.  Substantial Legal Interest in the Subject Matter

Rudy also argues that State Farm's interest in the subject matter of the case is merely "contingent" rather than "substantial." No clear definition illuminates the notion of a "substantial" legal interest in the subject matter of a case, but the interest must be significantly protectable.  *See Grubbs v. Norris*, 870 F.2d 343, 346 (6th Cir. 1989).   In determining whether a proposed intervenor has a substantial interest, the court must engage in a fact-specific inquiry.  *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 2007).  An "interest" for the purposes of Rule 24(a) is to be "construed liberally."  *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987).

State Farm has a substantial interest in whether Clark has asserted a covered "bodily injury;" whether Clark's allegations arise out of a covered "occurrence;" and whether Clark's allegations are barred by an "intentional acts" exclusion in the policy.  State Farm should be involved in this action in order to ensure that the jury addresses all of these issues.  This action will reach a resolution far more quickly than if State Farm were left to pursue a separate action.

### II.  Permissive Intervention

Even if the court were to determine that State Farm failed to establish intervention as a matter of right, intervention would still be permitted under Rule

24(b).   To intervene under Rule 24(b), the proposed intervenors "must establish that the motion for intervention is timely and alleges at least one common question of law or fact."  *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005).  If both of those requirements are satisfied, the court must balance "undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed."  *Id.*

Timeliness was satisfied by the recent filing of both the amended complaint and the memorandum opinion and order regarding Cincinnati Insurance Company's duty to defend Roccanova in the related case.  State Farm is currently defending Rudy under a reservation of rights and believes that the Court's decision in that related case "is dispositive as to its duties to defend and indemnify Rudy."  R. 48 at 6. State Farm indicates that common questions of fact exist such as "whether Rudy's alleged tortious conduct was committed with the expectation or intent to cause bodily injury or which is the result of willful and malicious conduct of Rudy."  *Id*. Finally, balancing the "undue delay and prejudice to the original parties," this coverage dispute between Rudy and State Farm should be promptly addressed before the pending litigation proceeds further.  Therefore, in the interest of judicial economy, intervention is proper.

For the foregoing reasons, **IT IS ORDERED** that State Farm's motion to intervene (R. 45) is **GRANTED**. State Farm's tendered Intervening Petition for Declaratory Judgment (R.45, Exhibit 1) is deemed **FILED** as of the date of the entry of this order.

**IT IS FURTHER ORDERED** that the parties shall meet and report within ten days of the issuance of this order, and file a new proposed scheduling order.

Signed on May 15, 2012

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY